United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **GURDEEP SINGH,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00356** |
| | § | |
| **ORLANDO PEREZ,** *et al.*, | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Petitioner's Notice, (Dkt. No. 6), and Respondents' Motion for Summary Judgment, (Dkt. No. 7).

First, Petitioner advised the Court that there was a pending motion to consolidate this case with another case in this division: 5:25-CV-258. (Dkt. No. 6 at 1). At that time, the other case remained open. Petitioner sought clarification on "whether the prior habeas proceeding remains open, and whether a final judgment is required before filing a subsequent petition addressing continued detention." (*Id.*). On March 25, 2026, the court presiding over the other petition denied the motion to consolidate and entered final judgment. *Singh v. Perez*, No. 5:25-CV-258 (S.D. Tex. Mar. 25, 2026). Because there is now a final judgment in the original case and it has been closed, the Court will decline to provide Petitioner with an advisory opinion as to whether final judgment is required before a subsequent petition is filed.

Second, in their motion, Respondents do not raise jurisdictional issues or exhaustion arguments. (*See* Dkt. No. 7). Before the Court decides the petition and the motion, it must first confirm that review is proper and that is has jurisdiction to hear the petition given the procedural history.

Accordingly, the Court **ORDERS** Respondents to file supplemental briefing on jurisdiction and exhaustion **by April 6, 2026**.

It is so **ORDERED**.

**SIGNED** on March 31, 2026.

_____
John A. Kazen
United States District Judge